UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TILLMAN INFRASTUCTURE LLC, | Case No. 3:21-cv-40 |
| *Plaintiff*, | |
| v. | ORDER & OPINION |
| THE BOARD OF SUPERVISORS OF CULPEPER COUNTY, VIRGINIA, *et al.*, | Judge Norman K. Moon |
| *Defendants*. | |

This matter comes before the Court on third party SBA Towers III's motion to intervene, Dkt. 9. SBA brings its motion on three bases. First, SBA argues that it may intervene by right under Fed. R. Civ. P. 24(a)(2). (Dkt. 9 at 1). Second, SBA moves for permission to intervene under Fed. R. Civ. P. 24(b)(1)(B). (*Id.* at 2). Third, SBA argues that it is a required party under Rule 19(a)(1)(B)(i). (*Id.* at 3).

SBA owns a telecommunications tower in Culpeper County, VA. The plaintiff in this case, Tillman Infrastructure LLC, in partnership with AT&T, applied to build a new telecommunications tower in the County. The County denied Tillman's application, believing the area to be adequately served by SBA's tower. Tillman then brought the present action. SBA moves to intervene with the intention of defending against "Plaintiff's claims regarding unreasonable fees and availability/suitability of the SBA Site for colocation purposes," (Dkt. 9 at 2).

Finding no basis for intervention or joinder, the Court will deny the motion.

### I. Intervention by Right

Pursuant to Fed. R. Civ. P. 24(a)(2), a court must admit as an intervenor a party who

"claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

SBA claims that it has an interest in the dispute because it owns a nearby telecommunications tower. (Dkt. 9 at 1–2). SBA argues that it would almost certainly lose AT&T as a customer if Tillman prevails in this action, and argues that it must be allowed to intervene in order to protect its interest in keeping AT&T as a customer. (*Id.*).

But the fact that SBA might lose a contract depending on the outcome of Tillman's action here does not mean that SBA has an interest relating to the property or transaction in question. SBA does not own the land where Tillman would build its tower, nor does Tillman's suit directly implicate SBA's contract with AT&T. The Fourth Circuit has warned against the expansion of intervention by right to parties beyond those holding a direct stake in the litigation. *See Gould v. Alleco, Inc.*, 883 F.2d 281, 285 (4th Cir. 1989) (holding that a company's "stockholders, bondholders, directors[,] and employees" may not intervene by right just because they have an interest in the company in general). And other districts have held that a party may not intervene by right where they merely have a "competitive," rather than direct, interest in the property or transaction in question. *Media Gen. Cable of Fairfax, Inc. v. Sequoyah Condo. Council of Co-Owners*, 721 F. Supp. 775, 779 (E.D. Va. 1989) ("At best, [the proposed intervenor's] interest is limited to potential, indeed speculative, competitive injury. Such an interest does not rise to the level required for intervention as a matter of right."); *see also Rollins Cablevue, Inc. v. Saienni Enterprises*, 115 F.R.D. 484, 486–489 (D. Del. 1986) (denying intervention by right on similar facts where proposed intervenor had only a competitive interest in the outcome of the litigation). Thus, SBA does not have an interest relating to the property or transaction in dispute within the

meaning of Fed. R. Civ. P. 24(a)(2).

In addition, Rule 24(a)(2) requires that a party show that its interests are not adequately protected by the existing parties in the case. "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *United States v. B.C. Enterprises, Inc.*, 667 F. Supp. 2d 650, 655 (E.D. Va. 2009) (quoting *Com. of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)). Here, SBA has not articulated exactly how Defendants would not protect whatever interest it has in the transaction—and it in fact appears that SBA's and Defendants' interests are directly aligned, since Defendants have taken a position against Tillman's application.

Thus, the Court holds that SBA may not intervene by right under Rule 24(a)(2).

## II.  Permissive Intervention

Under Rule 24(b)(1)(B), the Court may permit a party to intervene who "has a claim or defense that shares with the main action a common question of fact or law." SBA notes that part of Tillman's claim relates to the allegedly unreasonable fees that SBA was charging AT&T to use its tower. (Dkt. 9 at 2). SBA argues that part of Tillman's claim required it to demonstrate that AT&T's continued use of SBA's tower was not possible due to SBA's unreasonable fees or terms. (*Id.*) SBA notes that it is "uniquely positioned to provide evidence that no such unreasonable fees or terms exist and that the Board was justified in its denial." (*Id.*)

The Court will deny permissive intervention because SBA has no "claim" or "defense" within the meaning of Rule 24(b)(1)(B). Nowhere in the pleadings has any party indicated a *legal* dispute relating to SBA's property interest; at most, SBA has a contract with AT&T that could be affected by the outcome of this litigation. SBA faces no potential liability in this suit, or

3

any other related suit that would affected be by the outcome of this case. SBA merely has a competitive interest in the suit's outcome.

In addition, the Court notes that adding a party whose interests are already represented by the Defendants would likely unnecessarily complicate the litigation process and consume additional resources of the court and parties. *See Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (affirming denial of permissive intervention on judicial economy grounds).

### III. Required Party

SBA further claims that it is a required party under Rule 19(a)(1)(B)(i), which states that "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest."

For the same reasons that the Court held that SBA may not intervene by right under Rule 24(a)(2), the Court also holds that SBA is not a required party under Rule 19. SBA has no "interest" at stake in the legal sense of the word. *See McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 952 (4th Cir. 2020) (affirming denial of joinder under Rule 19(a)(1)(B)(1) where party seeking joinder expected that it could lose a contract based on the outcome of the litigation).

Plus, even if SBA's interest in protecting its contract with AT&T were a cognizable "interest" under Rule 19(a)(1)(B)(i), there is no reason to think that the dispensing of the action in SBA's absence would "as a practical matter impair or impede [SBA's] ability to protect the interest," since this case would not directly impact the agreement between SBA and AT&T, and any impact this case would have on their agreement would be settled in another, subsequent legal action.


## IV. Conclusion

SBA's motion to intervene, Dkt. 9, is hereby DENIED.

The Clerk of Court is directed to deliver a copy of this order and opinion to all counsel of record.

Entered this 16th day of May 2022.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE